IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION
_____

| | | |
|---|---|---|
| ROXANNA SHEPARD, | ) | Cause No. CV 10-111-M-DWM-JCL |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| JO ACTON; ATTORNEY | ) | |
| GENERAL OF THE STATE OF | ) | |
| MONTANA, | ) | |
| | ) | |
| Respondent. | ) | |

_____

1

On October 4, 2010, Petitioner Roxanna Shepard filed this action seeking a writ of habeas corpus under 28 U.S.C. § 2254. Shepard is a state prisoner proceeding pro se. On October 25, 2010, the State was ordered to file an Answer. It complied on December 9, 2010. Shepard was permitted to file a Reply, Order (doc. 3) at 4 ¶ 5, but did not do so.

## I. Background and Allegations

Shepard raises two issues in her federal petition. First, she claims the trial judge denied her eligibility for parole based on facts found by a preponderance of the evidence at sentencing in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000), and its progeny. Second, she claims the prosecution breached the plea agreement when it referred to facts outside the plea agreement in Shepard's proceeding before the Sentence Review Division of the Montana Supreme Court. Pet. (doc. 1) at 5.

Shepard was charged in Montana's Twentieth Judicial District Court, Sanders County, with deliberate homicide, aggravated kidnaping, two counts of felony burglary, attempted aggravated kidnaping, conspiracy to commit deliberate homicide, conspiracy to commit kidnaping, criminal possession of dangerous drugs with intent to distribute, and criminal manufacture of dangerous drugs. Information (doc. 5-1) at 1-2. Pursuant to a plea agreement, Shepard pled guilty to deliberate homicide and one count of felony burglary, and the State agreed not to seek the death penalty. Plea

Agreement (doc. 5-3) at 9-11. On September 21, 2004, a sentencing hearing was held. The State did not recommend restriction of Shepard's eligibility for parole. Sentencing Tr. (doc. 5-5) at 53:20-23. The trial judge, however, sentenced Shepard to serve life in prison for deliberate homicide and twenty years, concurrent, for felony burglary, and made her ineligible for parole. Id. at 61:12-64:24. Shepard moved the trial court to reconsider the parole restriction. The motion was denied on November 26, 2004. Order ¶ 3, State v. Shepard, No. 05-307 (Mont. Oct. 3, 2006) (unpublished disp.).

Shepard appealed, arguing that the trial court's denial of parole eligibility unconstitutionally enhanced her sentence in violation of Apprendi and its progeny and various provisions of state law. Based on a decision issued the day before, State v. Garrymore, 145 P.3d 946, 950-54 ¶¶ 17-34, 955 ¶ 40 (Mont. 2006), the Montana Supreme Court denied her claim and affirmed the trial court's judgment. Order ¶ 6, Shepard, No. 05-307.

Shepard then petitioned the Sentence Review Division of the Montana Supreme Court to lift the no-parole restriction. A hearing was held on October 5, 2007. The prosecutor appeared as a witness, testified about the facts of the case, and asked the Division to affirm the trial court's sentence. See generally Sentence Review Tr. (docs. 5-12, 5-13). It did so on October 23, 2007. Order (doc. 5-14) at 1.

On November 24, 2008, Shepard filed a motion in the trial court to withdraw her guilty plea. Shepard v. State, 225 P.3d 1217, 1219 ¶ 6 (Mont. 2010). She asserted that the State breached the plea agreement when it responded to her sentence review petition by asking the Division to affirm the sentence imposed by the trial court. Mot. to Withdraw Guilty Plea (doc. 5-15) at 2 ¶ 5, 3 ¶ 14. On February 3, 2010, the Montana Supreme Court affirmed the trial court's denial of the motion. Shepard, 225 P.3d at 1221 ¶ 18.

Shepard filed her federal petition on October 4, 2010.

## II. Analysis

Although Shepard's claims may be barred by the federal statute of limitations, it is clear that she is not entitled to relief on the merits of the petition. Accordingly, it is more efficient to proceed to the merits. See, e.g., 28 U.S.C. § 2254(b)(2); Lambrix v. Singletary, 520 U.S. 518, 524-25 (1997) (making detailed analysis of constitutional issue despite outstanding question as to procedural bar); Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983).

### A. Breach of Plea Agreement

Before entering her guilty plea, Shepard acknowledged that "the Court may, at the time of sentencing, impose a restriction that I be ineligible for parole." Plea Agreement (doc. 5-3) at 5 ¶ 6 (citing Mont. Code Ann. § 46-18-202(2)).

Shepard's plea agreement provided, in pertinent part:

> 2. Assuming that the Court accepts the Defendant's pleas of guilty to the deliberate homicide and burglary charges, the State will not present at sentencing any evidence of aggravation as contemplated by Mont. Code Ann. § 46-18-303[1] and will not recommend to the Court that the Court impose a sentence of death.
> 3. Upon acceptance by the Court of the Defendant's pleas of guilty to Counts I and IV, the State shall move to dismiss without prejudice the remaining seven counts contained in the Amended Information.
> . . .
> 5. The parties are free to present whatever evidence each determines is appropriate at the time of sentencing, and to make whatever sentencing recommendations they determine appropriate, following preparation of a pre-sentence investigation and report. The Defendant understands that the State is free to recommend any sentence by law as described above, excluding a sentence of death, provided however, that the State will recommend that any sentence imposed for the offense of Burglary be served concurrently with that imposed for the offense of Deliberate Homicide.

Plea Agreement at 9-10.

At the change of plea hearing, the prosecutor stated:

Mr. Zimmerman: Your Honor, I have discussed the plea agreement with the victims in quite a bit of detail. As the Court knows, the plea agreement calls for – at least the state has advised counsel for the defense that it will argue and make the recommendation to the Court that the defendant be sentence to life imprisonment. The victims are dissatisfied with that. They would like the recommendation of the state to be life without parole. I've advised them that the Court is not

---

[1] Mont. Code Ann. § 46-18-303 (2001) sets forth aggravating circumstances that may be considered when the death penalty is contemplated.

|              |                                                                                                                                                                                                                                                                                                         |
|--------------|---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|              | locked into either the recommendation of the state or of the defense and is free to do whatever the Court desires under the parameters of this plea agreement.                                                                                                                                         |
| . . .        |                                                                                                                                                                                                                                                                                                         |
| Mr. Watson:  | And I understand that that will be the recommendation of the prosecution. I'd just like to add that it's my understanding, based on my conversations with the state, that the state will not take a position with regard to limiting parole eligibility. But I am aware and my client's aware that that is within the Court's province and that's your discretion with regard to whether to limit the parole eligibility. |
| Mr. Zimmerman: | Your Honor, I would respond to that by saying, that is my understanding of the agreement that Mr. Connor, in using his best judgment and experience in these matters, feels is the appropriate recommendation for the state. |

Change of Plea Hr'g (doc. 5-4) at 4:10-21, 5:3-15.

"[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." Santobello v. New York, 404 U.S. 257, 262 (1971). Here, the State made no promise at all regarding its litigating positions after sentence was imposed. It did not breach the plea agreement.

### B. Apprendi Issue

As Shepard acknowledged, her guilty pleas conferred on the Court the authority to restrict her eligibility for parole, Mont. Code Ann. § 46-18-202(2) (2001), and the

6

maximum penalty the trial court could impose was life in prison, id. § 45-5-102(2); Plea Agreement at 3 ¶ 5, 5 ¶ 6. "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond *the prescribed statutory maximum* must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490 (emphasis added). The trial court's findings did not increase the prescribed statutory maximum penalty. There was no Apprendi error.

### III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

Here, the State did not make any agreement regarding its positions in post-sentencing proceedings such as appeal or sentence review. There is no factual basis for a claim that the State breached the plea agreement. Nor did the trial court's decision to make Shepard ineligible for parole increase the statutory maximum penalty

to which her guilty pleas subjected her. Shepard's allegations of constitutional error have no substance. Reasonable jurists could find no basis for disagreement. A COA should be denied.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1. The Petition (doc. 1) should be DENIED on the merits.

2. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Shepard must immediately notify the Court of any change in her mailing address by filing a "Notice of Change of Address."</u>  Failure to do so may result in dismissal of this case without notice to her.

DATED this 7th day of January, 2011.


    /s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge