**FILED**

FEB 11 2011

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| ROXANNA SHEPARD, | ) | CV 10-111-M-DWM-JCL |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| JO ACTON; ATTORNEY GENERAL OF THE STATE OF MONTANA, | ) | |
| | ) | |
| Respondents. | ) | |

Petitioner Shepard, a state prisoner proceeding pro se, brought this action pursuant to 28 U.S.C. § 2254, raising two issues. First, she claims the trial judge denied her eligibility for parole based on facts found by a preponderance of the evidence at sentencing in violation of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), and its progeny. Second, she claims the prosecution breached the plea



agreement when it referred to facts outside the plea agreement in her proceeding before the Sentence Review Division of the Montana Supreme Court. Magistrate Judge Jeremiah C. Lynch entered his Findings and Recommendation on January 7, 2011. As to the first claim, Judge Lynch found the trial court's findings did not increase the prescribed statutory maximum penalty and there was no Apprendi error. As to the second claim, Judge Lynch found the State made no promise at all regarding its litigating positions after sentence was imposed and that it did not breach the plea agreement.

Petitioner Shepard did not timely object and so has waived the right to de novo review of the record. 28 U.S.C. § 636(b)(1). This Court reviews the Findings and Recommendation for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." United States v. Syrax, 235 F.3d 422, 427 (9th Cir. 2000). I can find no clear error with Judge Lynch's recommendation (dkt #6) and therefore adopt it in full.

Accordingly, IT IS HEREBY ORDERED that the Petition (dkt #1) is DENIED on the merits. The Clerk of Court is directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

Dated this 11 day of February, 2011.

_____
Donald W. Molloy, District Judge
United States District Court